UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUE SAGE CONSULTING, INC.,<br>*Plaintiff,*<br><br>v.<br><br>FAILSAFE AIR SAFETY SYSTEMS CORP.,<br>*Defendant*, | Civil Action No. 05-11483 NG |

**ANSWER TO COMPLAINT AND JURY DEMAND**

The Defendant, *Failsafe Air Safety Systems Corp.* (hereinafter "FASS"), by its undersigned attorneys, does herein answer the correspondingly numbered paragraphs contained in Plaintiff, *Blue Sage Consulting, Inc.*'s *Complaint And Jury Demand*, dated July 11, 2005 ("Complaint").

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one (1) of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph two (2) of Plaintiff's Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three (3) of Plaintiff's Complaint.

4. Defendant admits the allegations contained in paragraph four (4) of Plaintiff's Complaint. Further answering, the execution of the parties' Contractor Agreement (attached as Exhibit A to Plaintiff's Complaint) was premised on the understanding that the parties would later amend this agreement in order to add a Shareholders' Agreement and a Stock Option Agreement. While the parties

entered into discussions to draft such agreements, the Plaintiff subsequently abandoned these efforts and, thus, no such agreements were ever executed. Anticipating their inclusion, however, these additional agreements are referenced in the Contractor Agreement in the following provisions:

- *Paragraph C, subsection 1(c)*: which refers to "a certain Shareholders' Agreement for the Contractor which is attached hereto and hereby incorporated herein, dated the ____ day of September, 2003," but no such agreement was, in fact, ever finalized, executed or attached;

- *Paragraph C, subsection 1(c)*: the same provision further states that "[t]he [Plaintiff's] stock will be issued and vested according to the so-called vesting period or schedule contained in the Stock Option Agreement…," but, again, no such agreement was ever finalized, executed or attached;

- *Paragraph C, subsection 1(d)*: again references the missing Shareholders' Agreement by noting that the vesting period will not apply should there occur "certain special events or matters some of which are touched on in Article 3 of the Shareholders' Agreement…"

- *Paragraph C, subsection 2(c)*: refers again to "a certain Stock Option Agreement *which will be created* and, at that time, attached hereto and hereby incorporated herein" (emphasis added), and which, again, states that "[t]he Contractor will receive the stock according to the so-called vesting period or schedule therein;"

- *Paragraph C, subsection 2(e)*: is identical to subsection 1(d) noted above.

5. Defendant admits the allegations contained in subsections (1) through (3) of paragraph five for the time period of September 23, 2003 until Plaintiff terminated the agreement in 2004, and denies all remaining allegations contained in paragraph five (5) of Plaintiff's Complaint. Further answering, Defendant incorporates by reference herein its answers to paragraphs four (4) above and ten (10) below.

6. The Defendant admits the allegations contained in paragraph six (6) of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph seven (7) of Plaintiff's Complaint.

8. The Defendant denies the allegations contained in paragraph eight (8) of the Plaintiff's Complaint.

9. The Defendant admits the allegations contained in paragraph nine (9) of Plaintiff's Complaint.

10. The Defendant admits the allegations contained in paragraph ten (10) of Plaintiff's Complaint and further avers that Plaintiff was not paid for its professional services rendered from September 23, 2002 until September 2003 by agreement of the parties and that Plaintiff was not awarded any equity in FASS because it failed to execute the requisite Shareholders' Agreement and Stock Option Agreement. Further answering, Defendant incorporates by reference herein its answer to paragraphs four (4) above.

11. The Defendant admits the allegations contained in paragraph eleven (11) of Plaintiff's Complaint.

12. The Defendant admits the allegations contained in paragraph twelve (12) of Plaintiff's Complaint. Further answering, Defendant incorporates by reference herein its answers to paragraphs four (4) and ten (10) above.

13. The Defendant admits the allegations contained in paragraph thirteen (13) of Plaintiff's Complaint.

14. The Defendant admits the allegation as contained in paragraph fourteen (14) of Plaintiff's Complaint that Blue Sage has not been paid for the consulting services performed from September 23, 2002 to September 23, 2003, but denies that there was an agreement to do so. Further answering, Defendant incorporates by reference herein its answers to paragraphs four (4) and ten (10) above.

15. The Defendant admits the allegation as contained in paragraph fifteen (15) of Plaintiff's Complaint that Blue Sage has not been awarded stock in FASS, but denies that such an award was "due pursuant to the agreement" given the failure of the Plaintiff to execute the requisite Shareholders' Agreement and Stock Option Agreement. Further answering, Defendant incorporates by reference herein its answers to paragraphs four (4) and ten (10) above.

16. The Defendant repeats its responses to paragraphs 1 through 15 set forth above as if fully stated herein.

17. The Defendant denies the allegations contained in paragraph seventeen (17) of Plaintiff's Complaint.

18. The Defendant denies the allegations contained in paragraph eighteen (18) of Plaintiff's Complaint.

19. The Defendant denies the allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

20. The Defendant denies the allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

21. The Defendant repeats its responses to paragraphs 1 through 20 set forth above as if fully stated herein.

22. The Defendant admits the allegations as contained in paragraph twenty-two that Defendant agreed to pay the Plaintiff for consulting work performed for the time period of September 23, 2003 until Plaintiff terminated the agreement in 2004 and would pay, if applicable, any interest on any unpaid consulting fees for said period, and denies all remaining allegations contained in paragraph twenty-two (22) of Plaintiff's Complaint.  Further answering, Defendant incorporates by reference herein its answers to paragraphs four (4) and ten (10) above.

23. Paragraph 23 of Plaintiff's Complaint sets forth Plaintiff's affirmative claim for relief, and, as a result, does not require a response by Defendant.  To the extent any factual allegations are made and addressed to Defendant requiring a response, such allegations are denied.

24. The Defendant denies the allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint.

25. The Defendant denies the allegations contained in paragraph twenty-five (25) of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

The Complaint and each and every purported cause of action contained therein fails to state a claim against Defendant upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff is barred from seeking the relief requested in its Complaint by its own unclean hands.

**Third Affirmative Defense**

Plaintiff is barred from seeking the relief requested in its Complaint as a result of its own wrongful conduct and affirmative breaches.

**Fourth Affirmative Defense**

Any damages incurred by the Plaintiff, the existence of which Defendant denies, resulted from Plaintiff's own acts or omissions.

**Fifth Affirmative Defense**

Plaintiff is barred from seeking the relief requested in its Complaint under the doctrine of equitable estoppel.

**Sixth Affirmative Defense**

Given that the Defendant has brought an action against the Plaintiff in the state court of New York (*Failsafe Air Safety Systems Corp.* v. *Pamela Campagna* and *Blue Sage Consulting, Inc.*, Index No. I-2004-12283, State of New York Supreme Court, County of Erie, filed November 24, 2004) ("New York Action") arising out of the same transaction or occurrence that is the subject matter of Plaintiff's Complaint here, this action should be stayed until such time as the New York Action is adjudicated on the

grounds that should the Defendant prevail in the New York Action, this action would be barred under the doctrine of Res Judicata.

                                      DEFENDANT,
                                      *Failsafe Air Safety Systems Corp.*
                                      By its attorneys,

                                      *s/Laurie M. Ruskin*
                                      _____
                                      Laurie M. Ruskin, *Of Counsel*, BBO# 630374
                                      SWEDER & ROSS LLP
                                      21 Custom House Street, Suite 300
                                      Boston, MA 02110
                                      (617) 646-4466

Dated:  August 19, 2005

### RULE 7.3(A) CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 7.3(A) of the USDC, District of Massachusetts, Defendant, *Failsafe Air Safety Systems Corp.*, states that it has no parent corporation, nor does any publicly held company own 10% or more of its stock.

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served
upon the attorney of record for each of the other parties in this action
by U.S. mail this 19th day of August, 2005.

*s/Laurie M. Ruskin*
_____
Laurie M. Ruskin